# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV19-00701-RGK (SHKx) | Date | May 8, 2019 |
|---|---|---|---|
| Title | ***TRAVIS WALFOORT v. ERICKSON, INC.*** | | |

| Present: The Honorable | R. GARY KLAUSNER, U.S. DISTRICT JUDGE |
|---|---|
| Sharon L. Williams | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) Order Remanding Action to State Court**

On August 15, 2018, Travis Walfoort ("Plaintiff") filed a complaint against Erickson, Inc. alleging negligence resulting in personal injuries. On February 7, 2019, Plaintiff amended the complaint and added Helicopter Transport Services ("HTS").

On April 17, 2019, HTS removed the action to this Court alleging jurisdiction on the grounds of diversity of citizenship. Upon review of HTS's Notice of Removal, the Court hereby remands the action for lack of subject matter jurisdiction.

Pursuant to 28 U.S.C. § 1332, district courts shall have original jurisdiction over any civil action in which the parties are citizens of different states and the action involved an amount in controversy that exceeds $75,000. After a plaintiff files a case in state court, the defendant attempting to remove the case to federal court bears the burden of proving the amount in controversy requirement has been met. *Lowdermilk v. United States Bank Nat'l Ass'n*, 479 F.3d 994, 998 (9th Cir. 2007). If the complaint does not allege that the amount in controversy has been met, the removing defendant must plausibly allege in its notice of removal that the amount in controversy exceeds the jurisdictional threshold. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553-54(2014). If the plaintiff contests, or the court questions, the defendant's allegation, the defendant must establish that the jurisdictional requirement has been met by a preponderance of the evidence. *Guas v. Miles, Inc.*, 980 F.2d 564, 566–67 (9th Cir. 1992).

In his complaint, Plaintiff seeks monetary relief for injuries and damages suffered as a result of the defendants' negligence. In support of its removal, HTS points to discovery responses by Plaintiff that specify $47,561.75 in lost income and at least $4,900 in past medical expenses. HTS then cites to allegations in the complaint that generally describe physical and emotional injuries, medical expenses, and the possibility that Plaintiff will not be able to resume his usual occupation for a period in the future.

With $52,461.75 as a starting point, and reliance on only general allegations regarding other damages, the Court finds that HTS fails to satisfy its burden of establishing the requisite jurisdictional

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | EDCV19-00701-RGK (SHKx) | Date | May 8, 2019 |
|---|---|---|---|
| Title | ***TRAVIS WALFOORT v. ERICKSON, INC.*** | | |

amount by a preponderance of the evidence.

In light of the foregoing, the action is hereby **remanded** to state court for all further proceedings.

**IT IS SO ORDERED.**

                                                                                                                                                        :

Initials of Preparer